The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Phillip Holmes. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act, and the employment relationship existed between the parties on September 21, 1993 and September 3, 1994.
2. On such dates, defendant-employer was insured by Reliance Insurance Company and Alexsis Risk Management was the servicing agent.
3. Plaintiff sustained compensable injuries to her right knee on September 21, 1993 and September 3, 1994.
4. Defendants accepted compensability of plaintiff's right knee injuries and provided medical treatment and benefits for these injuries.
5. Plaintiff's average weekly wage is sufficient to yield a maximum compensation rate of $466.00 per week.
6. All medical records stipulated into evidence are contained in Stipulations dated June 13, 1996.
7. Plaintiff claims temporary total disability benefits from December 2, 1994 through August 14, 1995 as a result of either of the two injuries occurring on September 21, 1993 and September 3, 1994. From September 2, 1994 through March 31, 1995, plaintiff received disability and/or salary continuation benefits from the defendants. From April 1, 1995 through August 14, 1995, plaintiff received long-term disability benefits pursuant to an entirely employer funded long-term disability plan. Plaintiff received disability benefits in the amount of $344.17 per week for a total of $6,637.49. Should plaintiff be entitled to temporary total disability benefits for the period from April 1, 1995 through April 14, 1995, the parties agree that the defendants shall be entitled to a credit pursuant to N.C.G.S. § 97-42 for the $344.17 per week provided to the plaintiff.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. At the time of the compensable incidents, plaintiff was employed as a flight attendant with USAir.
2. On September 21, 1993, plaintiff injured her right knee during turbulence from a flight when she was knocked into the galley. She was treated by Dr. Daniel Bernstein for this injury and was out of work less than seven days. She returned to work and did not miss any further work as a result of her right knee condition until subsequent to her September 3, 1994 accident.
3. On September 3, 1994, plaintiff sustained another injury to her right knee when she hit an arm rest with her right knee as she rushed to take care of an agitated passenger during turbulence. She was initially treated by Dr. Bernstein who diagnosed knee strain. He continued to treat her until January 3, 1995. Plaintiff was also examined by Dr. Pressly Gilbert, an orthopedic surgeon in Charlotte, North Carolina.
4. Plaintiff commenced treatment with Dr. Joseph J. Paley, an orthopedic surgeon in Dayton, Ohio, near her hometown. Dr. Paley diagnosed torn cartilage and pigmented villonodular synovitis (hereinafter "PVNS") and, as a result, performed surgery on February 10, 1995.
5. Plaintiff's torn cartilage was caused by either her September 21, 1993 or September 3, 1994 admittedly compensable injuries.
6. The PVNS was caused by either her September 21, 1993 or September 3, 1994 accidents.
7. Dr. Paley did not authorize plaintiff to return to work until August 15, 1995.
8. Plaintiff was out of work from December 2, 1994 through August 14, 1995.
9. Plaintiff sustained a ten percent permanent partial impairment of the right leg as a result of her compensable injuries.
10. Medical treatment provided plaintiff by Dr. Paley, including surgery on her right knee, was required to effect a cure, give relief and did tend to lessen plaintiff's period of disability.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. The plaintiff is entitled to have the defendants pay all medical expenses incurred or to be incurred as a result of her admittedly compensable injuries of September 21, 1993 and September 3, 1994, including all treatment rendered and surgery performed by Dr. Paley. G.S. § 97-25.
2. The plaintiff is entitled to have the defendants pay temporary total disability compensation at the rate of $466.00 from December 2, 1994 through August 14, 1995. G.S. § 97-29.
3. The plaintiff is entitled to permanent partial disability compensation for 20 weeks at the rate of $466.00 per week as a result of the additional ten percent rating to the right leg. G.S. § 97-31.
4. Defendants are entitled to a credit with respect to temporary total disability benefits owed to plaintiff for payments made by defendants to plaintiff for salary continuation and/or long-term disability benefits from December 2, 1994 through August 14, 1995. G.S. § 97-42.
* * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendants shall pay to the plaintiff temporary total disability compensation from December 2, 1994 through August 14, 1995 at a rate of $466.00 per week. This sum has accrued and shall be payable to plaintiff in a lump sum, subject to an attorney's fee herein approved.
2. Defendants shall pay to the plaintiff permanent partial disability compensation for ten percent rating or 20 weeks of compensation at the rate of $466.00 per week. Such compensation has accrued and shall be paid in a lump sum, subject to attorney's fees herein approved.
3. Defendants are entitled to a credit with respect to temporary total disability benefits owed to plaintiff for payments made by defendants to plaintiff for salary continuation and/or long-term disability benefits from December 2, 1994 through August 14, 1995.
4. A reasonable attorney's fee of twenty-five percent is approved to be deducted from sums due plaintiff and paid directly to counsel.
5. Defendants shall pay all medical expenses incurred or to be incurred as a result of the compensable injuries of September 21, 1993 or September 3, 1994, including, but not limited to, all treatment rendered and surgery performed by Dr. Paley.
6. Defendants shall pay the costs.
 S/ ___________________________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ ___________________________ LAURA K. MAVRETIC COMMISSIONER
S/ ___________________________ DIANNE C. SELLERS COMMISSIONER
CMV/cnp/rst 1/24/97